IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

JENNIFER D. ALDEA-TIRADO,

   Plaintiff,

         v.                                     CIVIL NO. 21-1525 (JAG)

PRICEWATERHOUSECOOPERS, LLP,

   Defendant.

## MEMORANDUM AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Defendant PricewaterhouseCoopers, LLP's ("Defendant") Motion to Compel Arbitration, Docket No. 7; Plaintiff Jennifer D. Aldea-Tirado's ("Plaintiff") Opposition, Docket No. 8; Defendant's Reply, Docket No. 15; and Plaintiff's Sur-Reply, Docket No. 17. For the reasons stated below, the Motion to Compel Arbitration is hereby **GRANTED**.

The Federal Arbitration Act provides that an agreement "to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in" the statute. 9 U.S.C. § 2. Once this has been established, "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).

Defendant has established "that a valid agreement to arbitrate exists, that [it] is entitled to invoke the arbitration [agreement], that [Plaintiff] is bound by that [agreement], and that the

**CIVIL NO. 21-1525 (JAG)**                                                                 2

claim[s] asserted come[] within the clause's scope." *InterGen N.V. v. Grina*, 344 F.3d 134, 142 (1st Cir. 2003). Plaintiff does not dispute that the claims asserted come within the scope of the clause. The only disputed issue is whether Plaintiff consented to the arbitration agreement and, thus, whether she is bound by a valid agreement to arbitrate. *See AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986) ("[T]he question of whether the parties agreed to arbitrate is to be decided by the court.") (citations omitted).

The record shows that Plaintiff tacitly consented to the agreement. The arbitration agreement was sent to Plaintiff via email and first-class mail on March 31, 2014. Docket Nos. 7-1; 7-2; 7-4; *see also Campbell v. Gen. Dynamics Gov't Sys.* Corp., 407 F.3d 546, 555 (1st Cir. 2005) (noting that "an e-mail, properly couched, can be an appropriate medium for forming an arbitration agreement."). The cover page of both the email and first-class mail stated, in bold letters, that Plaintiff's continued employment after July 1, 2014 would be construed as acceptance of the terms of the arbitration agreement.[1] *See Aponte v. Pfizer Pharms. LLC*, 2021 WL 5513112 (P.R. Nov. 10, 2021) ("[T]he FAA does not require the signature of the parties to the agreement for its validity.") (certified translation at Docket No. 7-6). Plaintiff continued working after July 2014 and, thus, consented to be bound by the agreement to arbitrate "all disputes, controversies and claims

---

[1] Specifically, the cover page stated, in bold letters, that

> Under the agreement, you and the firm mutually waive the right to a trial before a judge or jury in court in favor of arbitration for all covered claims . . . The agreement will become effective on July 1, 2014, and your continued employment with the firm on or after that date will indicate that you have accepted the terms of the agreement. Please note that your signature is NOT required for acceptance of the agreement. You will be deemed to have accepted, and will be bound by, the agreement if you continue your employment with the firm on or after July 1, 2014.

Docket Nos. 7-3; 7-4 at 4.

**CIVIL NO.** 21-1525 (JAG)                                                                                                       3

relating to or arising out of [her] employment agreement." Docket No. 7-4 at 5; s*ee Aponte*, 2021 WL 5513112 ("[T]he determining element of consent in this case was the conduct of the respondents when they remained in employment [] sixty (60) days after being notified of the terms of the Agreement."); *Rivera-Colon v. AT&T Mobility P.R., Inc.*, 913 F.3d 200, 211 (1st Cir. 2019) (noting that "silence can operate as acceptance [w]here the offeror has stated or given the offeree reason to understand that assent may be manifested by silence or inaction, and the offeree in remaining silent and inactive intends to accept the offer.") (cleaned up); *see also Soto v. State Indus. Prod., Inc.*, 642 F.3d 67, 74-76 (1st Cir. 2011) (finding that continued employment and a bilateral agreement to arbitrate both constitute valid consideration for an arbitration agreement).

Plaintiff's argument that the agreement was sent to the wrong email is belied by the record. Docket No. 12-2 at 3. Moreover, Defendant has provided evidence that the arbitration agreement was also sent via first class mail to Plaintiff's address and never returned, Docket No. 7-4, which "gives rise to a rebuttable presumption . . . that a properly-mailed document was received." *Narragansett Indian Tribe v. Warwick Sewer Auth.*, 334 F.3d 161, 168 (1st Cir. 2003). Plaintiff has not rebutted this presumption. She does not claim that the letter was sent to the wrong address or that Defendant did not send the letter via first class mail. Nor has she cited any support for the proposition that enforcement of an arbitration agreement requires acknowledgment of receipt.

Because Plaintiff was adequately notified of the agreement and consented through her continued employment, Defendant has established that a valid arbitration agreement exists, that it can invoke the agreement, and that Plaintiff is bound by the agreement.

Moreover, Plaintiff has failed to establish unconscionability as a basis to find the agreement unenforceable. The email and first-class mail, both sent to the correct addresses and not returned as undeliverable, provided fair notice of the terms of the agreement and that

**CIVIL NO.** 21-1525 (JAG)                                                                 4

continued employment would be construed as consent. The cover letters and the arbitration agreement stated, in bold letters, that under the agreement Plaintiff and Defendant both waived their right to trial in favor of arbitration, thereby providing notice of the waiver of rights. Docket Nos. 7-3; 7-4 at 4, 5. Plaintiff was given 60 days to review and consider the agreement, was not barred from discussing the agreement with an attorney, was not threatened with termination or other adverse employment action if she did not accept the agreement, was explicitly told that the communication contained an "Important Legal Document Affecting Your Rights," and received a copy of the agreement via two delivery methods.

For these reasons and considering the strong policy favoring arbitration under both federal and state law, Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE** and the Parties are **ORDERED** to arbitrate these claims in accordance with the Arbitration Agreement, Docket No. 7-1. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, September 30, 2022.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
